United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Amonfils E. Davilien, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-24054-Civ-Scola |
| | ) |
| Marie Nicole Marseille, Defendant. | ) |

### Order Granting Motion for Leave to Proceed *In Forma Pauperis* and Striking Complaint

This matter is before the Court upon Plaintiff Amonfils E. Davilien's application to proceed *in forma pauperis*. (ECF No. 3.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** Davilien's motion to proceed without prepaying his fees or costs (**ECF No. 3**); however, at the same time, the Court **strikes** his complaint, **with leave to amend**, for the reasons set forth below.

While the precise contours of Davilien's claims are difficult to parse, it appears he seeks to recover $27 million from Defendant Marie Nicole Marseille (sometimes referred to as Marie Nicole Dor in the complaint) for, among other things, swindling him out of certain funds and property; reputational damages; the death of Davilien and Marseille's son; and tax fraud. (Compl., ECF No. 1, 1–6.) He also urges the Court to take Marseille into custody for crimes against the United States. (Compl. at 6.)

28 U.S.C. § 1915(e)(2)(B) confers discretion on a district court to dismiss an *in forma pauperis* action if certain defects are evident from the complaint:

> Notwithstanding any filing fees, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

"A complaint is 'frivolous' under § 1915 where there is no subject matter jurisdiction." *Jackson v. Lehern McGovern Bovis, Inc.*, 1:16-CV-02987-CAP, 2017 WL 11144693, at *2 (N.D. Ga. Feb. 13, 2017), *report and recommendation adopted,* 1:16-CV-2987-CAP, 2017 WL 11150834 (N.D. Ga. Mar. 3, 2017) (citing *Davis v. Ryan Oaks Apartment*, 357 Fed. App'x 237, 238–39 (11th Cir. Dec. 17, 2009) and *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as

frivolous under § 1915 where subject matter jurisdiction is lacking)).

Although Davilien mentions federal-question jurisdiction in his complaint, referencing 28 U.S.C. § 1331 (Compl. at 6) and the Fourth and Fifth Amendments (Compl. at 1), the Court can discern no actual federal question from any claim he might have against Marseille. Instead, it appears Davilien's grievances against Marseille all arise under state law. To the extent, then, that Davilien seeks to invoke the Court's diversity jurisdiction, he must allege facts showing that the parties are diverse. "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Here, Davilien does not recite either his or Marseille's citizenship within the body of his complaint but indicates, on his civil cover sheet, that he and the Defendant are both, simultaneously, citizens of Florida; other states; as well as foreign countries. (Civ. Cover, ECF No. 1-1.) Not only, then, is the Court unable to determine that the parties are diverse, but Davilien's affirmative indications imply that, indeed, they are not.

Because the Court cannot discern whether it has subject-matter jurisdiction over this case, whether through a federal question or diversity, the Court **strikes** Davilien's complaint. If Davilien believes he can allege, *in good faith*, facts establishing the Court's subject-matter jurisdiction, he must file an amended complaint on or before **December 3, 2021**. Davilien is forewarned that if he fails to timely comply with this order, his complaint will be dismissed, without further leave to amend.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any pending motions, not including Davilien's motion to proceed *in forma pauperis*, are **denied as moot**.

**Done and ordered**, in Miami, Florida, on November 18, 2021.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy, via U.S. mail, to*:
**Amonfils E. Davilien**
14823 NW 7th Court
Miami, FL 33168